UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| KENT A. KROEMER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-cv-67 |
| R. MICHAEL TANTILLO, ROGER SMITH, and MARK T. FISCHER, | ) | |
| Defendants. | ) | |

**ORDER**
**(Docs. 55, 77, 86, 90, 98)**

The Second Circuit recently affirmed this court's June 16, 2017 decision dismissing Plaintiff's complaint for failure to state a claim, as well as a quartet of orders denying post-judgment motions that Plaintiff filed. *Kroemer v. Tantillo*, Nos. 17-3436, 18-1006, 2018 WL 6619850 (2d Cir. Dec. 17, 2018) (summary order). The time is now ripe for this court to address the motions that were pending during the appeal, as well as a new motion that Plaintiff filed after the Second Circuit's decision.

## Background

Several motions have been pending in this court during the appeal. First, there is Defendant Tantillo's December 22, 2017 motion for sanctions (Doc. 55), which the court deferred until remand or a decision from the Second Circuit on the pending appeal. (*See* Doc. 73.) Also pending is Plaintiff's June 26, 2018 Motion for Partial Summary Judgment. (Doc. 86.) No Defendant filed a formal opposition to that motion, but the court is in receipt of a July 2, 2018 letter from the New York Attorney General requesting that the motion be stricken or treated as a "nullity." (Doc. 100 at 1.) On July 13, 2018, Plaintiff filed a letter indicating that he seeks to withdraw the motion as "premature." (Doc. 88.)

Next, there is Plaintiff's most recent Motion for Relief from Judgment or Order under Fed. R. Civ. P. 60(b)(2), filed on June 14, 2018. (Doc. 77.) He seeks rescission of the judgment and orders granting Defendants' motions to dismiss, and also to file a Second Amended Complaint, on the basis of what he says is "newly discovered evidence": the May 11, 2018 deposition testimony of Defendant Smith in a separate case in New York state court. Defendant Tantillo and Defendants Smith and Fischer have filed oppositions to the Rule 60(b)(2) motion (Docs. 85, 89). Plaintiff has filed a "supplement" to the motion (Doc. 81) and two replies (Docs. 87, 92).

In addition to their opposition to the June 2018 Rule 60(b)(2) motion, Defendants Smith and Fischer filed a motion for sanctions under Fed. R. Civ. P. 11 on July 19, 2018. (Doc. 90.) They assert that the Rule 60(b)(2) motion was presented for an "improper purpose" in violation of Rule 11(b)(1); is "frivolous" in violation of Rule 11(b)(2); and lacks evidentiary support in violation of Rule 11(b)(3). Fischer and Smith seek an injunction prohibiting Plaintiff from making further filings in this case without prior leave of the court, as well as monetary sanctions. (Doc. 90-1 at 19.) Plaintiff opposes the sanctions motion. (Doc. 91.) Smith and Fischer have filed a reply (Doc. 93), and Plaintiff has filed a letter asserting that the reply is defamatory. (Doc. 94.)

On January 4, 2019, after the Second Circuit's December 17, 2018 decision, Plaintiff filed a "Motion to Withdraw Proposed Second Amended Complaint and to Grant Leave to File (a Revised) Second Amended Complaint." (Doc. 98.) On January 8, 2019, Plaintiff filed a "Responding Declaration to Defendants' Supplemental Declaration and in Further Opposition to Defendants' Motion for Sanctions." (Doc. 99.)

2

The court is also in receipt of two letters sent by the parties after the Second Circuit's decision. (Doc. 100 at 2–4.) In a letter dated January 11, 2019, Defendants assert that Plaintiff's January 4, 2019 motion seeking leave to amend is premature because "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Defendants advise that they do not believe they are required to respond to the January 4, 2019 motion, and that they do not intend to do so.

In a letter dated January 14, 2019, Plaintiff cites a subsequent portion of the *Ruotolo* decision, wherein the court stated: "[W]e have said in dicta that 'in view of the provision in rule 15(a) that 'leave [to amend] shall be freely given when justice so requires,' it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id.* (second brackets in original). Plaintiff asserts that his case is such a "proper" case.

## Analysis

**I.      Plaintiffs Remaining Post-Judgment Motions (Docs. 77, 86, 98)**

The court GRANTS Plaintiff's request to withdraw Document 86.

Similar to Plaintiff's previous post-judgment motions, both of Plaintiff's remaining post-judgment motions are predicated on alleged newly discovered evidence. In his June 2018 motion (Doc. 77), Plaintiff seeks relief on the basis of "newly discovered evidence" consisting of the May 11, 2018 deposition testimony of Defendant Smith in a separate case in New York state court captioned *Cichon v. Kroemer*, No. 2018-2045 (N.Y. Sup. Ct. Monroe Cty.).\* Plaintiff

---

\* Plaintiff has supplied a copy of the deposition transcript. (*See* Doc. 77 at 73–93.) The court understands from the parties' filings that the *Cichon* case arose out of a March 20, 2018 altercation between Edward Cichon and Mr. Kroemer. It appears that Plaintiff planned to defend

3

seeks to allege facts related to Smith's May 2018 deposition testimony in the proposed "revised" Second Amended Complaint. (Doc. 98 ¶¶ 232–248.) Plaintiff also seeks to allege additional facts in the proposed pleading, including allegations of statements made in settlement negotiations regarding Plaintiff's claims against Defendant Tantillo, as well as statements allegedly made by counsel at oral argument in the Second Circuit. (*Id.* ¶¶ 249–70.)

After careful consideration, the court concludes that Plaintiff's two remaining post-judgment motions suffer the same defect that the Second Circuit identified in its December 17, 2018 decision regarding his earlier post-judgment motions. Plaintiff continues to seek to relitigate issues already decided. None of the alleged new evidence constitutes "exceptional circumstances" that could merit relief from judgment. For the same reasons, to the extent that *Ruotolo* recognizes an exception to the general rule against granting leave to amend a complaint after judgment is entered, leave to amend is not warranted in this case.

## II. Sanctions Motions (Docs. 55, 90)

The court begins with the most recent sanctions motion, filed by Defendants Smith and Fischer on July 19, 2018. (Doc. 90.) They argue that Plaintiff's June 14, 2018 Rule 60(b) motion (Doc. 77) violates Fed. R. Civ. P. 11(b)(1), (2), and (3). (Doc. 90-1 at 5–12.) They also argue that the court should impose sanctions under its inherent powers. (*Id.* at 12–17.) For relief, they request an injunction prohibiting Plaintiff from making further filings in this case without leave of court, as well as monetary sanctions. (*Id.* at 19.)

---

the suit on the grounds that he suffers from post-traumatic stress disorder caused by his allegedly wrongful 1989 conviction. (*See id.* at 87.) Mr. Smith stated his belief that the deposition was a "fishing trip." (*Id.* at 76.) The *Cichon* case ended with a June 2018 Settlement and Release Agreement. (*See* Doc. 94 at 2–5.) Smith and Fischer assert that the May 11, 2018 deposition constituted an "abuse of the state court discovery process." (Doc. 93 at 3.) Plaintiff insists that the deposition "was one of the primary reasons the case was settled." (Doc. 94 at 1.)

4

Plaintiff opposes the sanctions motion (Doc. 91), and Defendants Smith and Fischer have filed a reply (Doc. 93). Counsel for Defendants Smith and Fischer filed a supplemental declaration on January 2, 2019 referencing the Second Circuit's December 17, 2018 decision and asserting that sanctions are necessary to halt Plaintiff's "ceaseless contumacious litigation activities." (Doc. 96 ¶ 11.) Plaintiff filed a declaration in response on January 8, 2019, asserting that Smith and Fischer's motion for sanctions is itself frivolous and that the January 2, 2019 declaration "adds to its frivolous nature." (Doc. 99 ¶ 36.)

Rule 11(b) provides in pertinent part that, by presenting a motion to the court, an attorney or unrepresented party certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c).

In considering post-judgment motions that Plaintiff filed before his June 2018 Rule 60(b)(2) motion (Doc. 77) and his January 4, 2019 motion to withdraw his proposed Second Amended Complaint and to file a "Revised" Second Amended Complaint (Doc. 98), the Second Circuit remarked that Plaintiff's "repeatedly re-litigated claims have nearly risen to the level of frivolity." *Kroemer*, 2018 WL 6619850, at *3. In light of Plaintiff's more recent filings—both before and after the Second Circuit's decision—and the fact that the recent filings

5

lack merit for the same reasons that his prior filings did, this court concludes that Plaintiff's conduct is sanctionable.

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Here, Defendants request an injunction prohibiting Plaintiff from making further filings in this case without prior leave of the court. (Doc. 90-1 at 19.) The court finds that such an injunction is both reasonable and necessary in this case. The court declines to impose any monetary sanction at this time, but warns Plaintiff that monetary sanctions might be imposed if he continues to file baseless claims challenging his underlying conviction.

Granting Defendant Smith and Fischer's motion for sanctions renders Defendant Tantillo's December 22, 2017 motion for sanctions (Doc. 55) largely moot, since that earlier motion seeks essentially the same relief. The only exception is that Defendant Tantillo requests a broader injunction that would prohibit "any future litigation naming D.A. Tantillo as a defendant related to Plaintiff's underlying criminal conviction." (Doc. 55-1 at 12.) The court finds that the broader injunction is unnecessary at this time, especially in light of the fact that Plaintiff concedes in his recent filings that Tantillo has immunity from damages and Plaintiff is not entitled to declaratory or injunctive relief. (*See* Doc. 98 at 4.)

## Conclusion

The court grants Plaintiff's request to withdraw his motion for partial summary judgment. The clerk is requested to mark that motion (Doc. 86) as WITHDRAWN.

Plaintiff's June 14, 2018 Rule 60(b)(2) motion (Doc. 77) is DENIED.

Plaintiff's January 4, 2019 motion to withdraw his proposed Second Amended Complaint and to file a "Revised" Second Amended Complaint (Doc. 98) is DENIED.

Defendant Tantillo's motion for sanctions (Doc. 55) is DENIED as moot.

Defendant Smith and Fischer's motion for sanctions (Doc. 90) is DENIED insofar as it seeks monetary sanctions, but is otherwise GRANTED. **Plaintiff is hereby ENJOINED from making further filings in this case without prior leave of court. Plaintiff is further warned that additional sanctions, including a broader filing injunction or monetary sanctions, might be imposed if he continues to file claims challenging his underlying conviction.**

Dated this 8 day of February, 2019.

                                                    Geoffrey W. Crawford, Judge
                                                  United States District Court